A. T. & S. F. RAILROAD CO. v. JOS. WILLIAMS, *Treasurer.*

SCHOOL-DISTRICT TAXES, *To Pay Bonds, and Interest; Tax of 55 Mills held Valid.* On March 5th, 1873, the county superintendent of public instruction of Butler county reduced School District No. 58 of said county, by a change of its boundaries, so that it contained only $14,672 worth of taxable property. On June 14th 1873 a school-district bond of said district, and interest on it and other bonds, became due, amounting in the aggregate to $300, for the payment of which bond and interest $67.39 had been provided by the taxation of the previous year. On June 14th 1874, another bond of said district, and other interest, would become due, amounting to the sum of $280. On the first Monday of September 1873, the county board of said county levied a tax of 55 mills on the dollar, on the taxable property of said school district, to raise funds with which to pay the said bonds and interest coming due in 1873 and 1874, and to provide for delinquencies: *Held,* That such taxation is not void.

*Error from Butler District Court.*

INJUNCTION, brought by the *Railroad Company,* to restrain the collection of a tax. The district court, at the August Term 1874, overruled a demurrer to the answer of the defendant, and gave judgment against the plaintiff for costs. The plaintiff brings the case here for review. The material facts are stated in the opinion.

*Ross Burns,* and *J. G. Waters,* for plaintiff.
*A. L. Redden,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by the Atchison, Topeka & Santa Fé Railroad Company against Joseph Williams, county treasurer of Butler county, to restrain the collection of certain taxes. It appears from the record that on June 14th 1872, School District No. 58 of said county issued five bonds for $200 each, to become due in one, two, three, four, and five years, respectively, and to draw interest from date at the rate of ten per cent. per annum. On March 5th 1873, the county superintendent of public instruction detached a portion of the territory of said school district from the district and attached the same to another district. By so doing school district No. 58 was left with only $14,672 worth of taxable property within its boundaries; and a two-per-cent. tax levied thereon would raise only $293.44. In 1872 a tax of $67.39 (and only that amount) was levied with which to pay the amount of the bond and interest coming due on June 14th 1873. In 1873 a tax of 55 mills on the dollar was levied on the property of said school district for the purpose of raising funds with which to pay the balance of said amount coming due June 14th 1873, and also to pay the amount coming due June 14th 1874. This 55-mill tax is the tax of which the railroad company now complains. They claim that said tax is void for the following reasons: They claim that the county superintendent of public instruction had no

authority, under any circumstances whatever, to diminish the
territorial area of said school district to such an extent that
it would require a tax to be levied on the property of the
district for any given year of more than two per cent. on the
taxable property of such district to raise funds for the pay-
ment of all bonded indebtedness due and coming due against
such district for that and previous years.   They claim that
the county superintendent did so diminish or attempt to
diminish said school district, and that said 55-mill tax was
levied on only the property of such diminished district.  And
therefore, as the tax was not levied on all the property of the
district, as the district existed before the change, they claim
that the tax is void.   They also claim that said 55-mill tax
was excessive; that it was more than enough to pay all the
bonded indebtedness of the district for the years 1873 and
1874; and therefore, that it was void.   We think they are
mistaken in their legal conclusions.   If the superintendent
when he diminished the district had looked to the year 1873,
and that year only, he would have found that during that
year the amount of the bond and interest coming due would
have been $300, and that $67.39 of that amount had been
provided for by a tax of the previous year, leaving only
$232.61 to be provided for by a tax for the year 1873.   But
if the superintendent had looked to the year 1874, and to that
year only, then he would have found that the amount of the
bond and interest coming due during that year would have
been only $280.   Now, a tax of two per cent. on the taxable
property of the diminished district would have raised, as we
have before stated, $293.44, more than enough to pay the
amount to be provided for for either of said years.  We think
however that the superintendent should have looked to the
year 1874, and to that year only.   It was the duty of the
board of county commissioners of Butler county to have
levied on the first Monday of September 1872 a tax on the
taxable property of said school district sufficient to pay the
amount coming due in 1873, to-wit, the said sum of $300,
which sum was to become due June 14th 1873. (Gen. Stat.

1044, § 72; Laws of 1872, p. 172, § 3.) They should not have waited until September 1873 to levy a tax to pay a bond and interest which were to become due on June 14th 1873. On the first Monday of September 1873 they should have levied a tax on the then taxable property of the district to pay the amount of the bond and interest coming due on June 14th 1874. And this is the tax and the taxable property that the superintendent should have looked to when he changed the boundaries of the district in March 1873. The amount coming due on June 14th 1874, was, as we have before stated, $280, and a two-per-cent. tax on the taxable property of the diminished district would have raised that amount. We therefore think that the action of the county superintendent in diminishing said district was not void, and therefore the said tax of 55 mills on the dollar is not void.

For the purposes of this case we shall assume that said 55-mill tax was levied by the board of county commissioners on the taxable property of said school district on the first Monday of September 1873, although the record does not show definitely when it was levied, nor by whom. Said tax may possibly be slightly excessive, but still it is certainly not so much so as to render the tax void. It would take about 20 mills on the dollar to raise an amount sufficient to pay the indebtedness becoming due in 1873, and about 20 mills more to raise an amount sufficient to pay the indebtedness becoming due in 1874; and it would probably take about 10 mills more to cover delinquencies. If an amount more than necessary to pay the amount of the bonds and interest coming due in 1873 and 1874 should be collected before such last-mentioned amounts became due, which is not probable, the excess could and would be applied in payments of the other bonds and the interest as the same should afterward become due. Sec. 5 of "An act to enable school districts in the state of Kansas to issue bonds," approved February 26th 1866, (Gen. Stat. 940,) is § 1 of "An act to amend an act to enable school districts in the state of Kansas to issue bonds," approved February 27th 1871, (Laws of 1871, page 80,) and is § 101 of

the School Laws of 1871 (Supt. McCarty's Edition, p. 29;) and it was repealed February 29th—March 21st—1872; (Laws of 1872, p. 173, § 6.) Hence said § 5, or § 1, or § 101, whichever it may be called, can have but little force or influence in the decision of this case. We suppose that § 1, chapter 110, of the laws of 1872, (page 248,) amending § 10 of article 2, ch. 92 of the Gen. Stat., (page 915,) was, on March 5th 1873, and still is, in force. Said section provides that the county superintendent shall not reduce the territory of any school district so that more than two per cent. "upon its property-valuation shall be required to meet accruing interest and maturing bonds." This is a guide purely to the county superintendent. The § 101 mentioned in that section, which relates to the duties of certain other officers, was repealed March 21st 1872, as we have already stated, by the act of February 29th 1872. Since March 21st 1872, there has been no statute limiting the amount of the tax which the county commissioners might or could levy on the property of a school district to pay the maturing bonds and interest of the district. (Laws of 1872, ch. 94, pp. 172, 173.)

There are several questions involved in this case which we have not discussed or decided, some of which might perhaps be equally fatal to the plaintiff's cause of action.

The judgment of the court below is affirmed.

All the Justices concurring.